ESTATE OF John William KAY, deceased, James P. McCune, Personal Representative, Appellant.

No. 19646.

Supreme Court of Utah.

Aug. 5, 1985.

Rehearing Denied Sept. 17, 1985.

George M. McCune, Salt Lake City, for appellant.

Donald J. Eyre, Jr., Nephi, Richard B. Johnson, Provo, for respondent.

PER CURIAM:

This case is before us on a motion for summary disposition of the respondents, moving to dismiss the appeal on the basis that an order appealed from is not an appealable order. Briefs of the parties and the record of the probate court have been submitted.

James P. McCune, the appellant in this case, not a party of record, is the former attorney for the personal representative of the estate of John William Kay, deceased. In that capacity, he filed a petition for approval of settlement and for final distribution of the estate on May 24, 1983. This petition was approved by the court on June 7, 1983. The estate was not distributed in accordance with that petition and order. Apparently a dispute had arisen over McCune's request for additional fees. On September 6, 1983, the heirs of the estate filed their motion to compel McCune to distribute the estate funds in his possession pursuant to the petition for final distribution filed by him. McCune did not respond on the merits, but countered with a motion to strike arguing that the heirs' motion did not comply with Rule 2.8 of the Rules of Practice of the District Courts of the State of Utah because it lacked a memorandum of points and authorities.

McCune failed to appear at the hearing on these motions. The probate court granted the heirs' motion on September 19,

1983 (the September order) and ordered the distribution of the estate. McCune filed a timely motion for new trial under Rule 59(a) or for vacation of the order under Rule 60(b) of the Utah Rules of Civil Procedure. That motion was heard on November 8, 1983, and an order in re motion for new trial or order (the November order) was signed and filed on November 28, 1983. It read in pertinent part:

> The court's Order compelling distribution of estate pursuant to petition for approval of final settlement and distribution entered by the court on September 19, 1983, shall be vacated if attorney for the personal representative files an order approving final settlement and distribution of the estate herein within 5 days from entry of this order.

A preceding minute entry discloses that the court was unwilling to grant extraordinary fees without a petition for those fees and without proper notice and hearing. We therefore construe the language of the order to call for the filing of a petition for an order.

On December 5, 1983, one week after the probate court's contingent order granting McCune's motion, McCune, acting on his own behalf, appealed to this Court without having submitted his petition reflecting the extraordinary attorney fees. On December 22, the personal representative filed with the probate court an affidavit with an attached notice of demand for withdrawal of counsel and release of estate funds.

Before this Court McCune seeks an order vacating both the September and November orders and asks that we remand the case to the probate court with directions that the heirs' motion to compel and the dispute over attorney fees be reheard only after compliance with the technical requirements of Rule 2.8. Specifically, McCune claims that the September order was (1) procedurally void under Rule 2.8 of the Rules of Practice and Rule 6 of the Utah

Rules of Civil Procedure and, therefore, (2) constitutionally void under due process requirements of the Utah State and United States Constitutions.

Under Rule 10(a)(2) of the Utah Rules of Appellate Procedure (formerly Rule 73B of the Utah Rules of Civil Procedure), this Court will entertain a motion to affirm the order which is the subject of review on the basis that the grounds for review are so unsubstantial as not to merit further proceedings and consideration by the court.

 McCune asks that the September order be vacated and the matter remanded for compliance with Rule 2.8 procedures. The motion to compel was uncontested by the personal representative and was directed against her own counsel by all of the heirs, including the personal representative. Rule 2.8 is therefore inapplicable.[1]

 McCune further asks that the November order *granting* his motion to vacate the September order be set aside and reheard in compliance with Rule 2.8. Rule 4(b) of the Utah Rules of Appellate Procedure permits an appeal from the entry of an order *denying* a new trial (hearing) under Rule 59 of the Utah Rules of Civil Procedure. The November order graciously gave McCune, not a party of record, an opportunity to present his petition for extraordinary attorney fees after notice to the heirs and a hearing before the court. McCune failed to comply with that condition, and the September order therefore remained in full force and effect. The issues he raises in defense of his open defiance of the court order are unsubstantial and merit no further consideration.

The September order of the probate court is affirmed. Costs to the heirs.

---

1. Rule 2.8(a) reads:

 All motions, *except uncontested or ex-parte matters,* shall be accompanied by a brief statement of points and authorities and any affidavits relied upon in support thereof. Points

 and authorities supporting or opposing a motion for summary judgment shall not exceed five (5) pages in length exclusive of the "statement of material facts" as hereinafter provided.